

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE SEALED MATTER  :  CR. NO. 11-MJ-039

: 

: (Magistrate Judge Smyser)

:

:

## MOTION FOR RECONSIDERATION OF DETENTION ORDER

AND NOW comes the Defendant, Alexander Ojiri, by his court-appointed counsel Jennifer P. Wilson, Esq., and hereby requests that the Court grant this Motion for Reconsideration of Detention Order; and in support thereof, avers as follows:

1. A Criminal Complaint and Warrant for Arrest were filed under seal on March 11, 2011, alleging that the Defendant violated the Mail Fraud, Wire Fraud, and Money Laundering statutes by participating in certain "mass marketing" frauds.

2. The Defendant was arrested on or about March 14, 2011, in Newark, New Jersey, and he made his initial appearance before this Court on March 16, 2011.

3. During the initial appearance, counsel was appointed for the Defendant, and the Defendant waived his right to a preliminary hearing pursuant to Fed. R. Crim. Pro. 5.1(a)(1).

4. On the same date, the government filed a motion for pretrial detention, asserting

1

that the Defendant presents a flight risk.

5. A detention hearing was held on March 18, 2011, and the Defendant presented a potential third party custodian named Maria Agbontane, who appeared in court and testified. Counsel for the Defendant proffered certain information, and counsel for the Government also proffered certain information. The Court granted the Government's detention motion, and the Defendant remains in the custody of the Attorney General.

6. Since the March 18 detention hearing, counsel for the Defendant has investigated some of the concerns raised by the Government about the Defendant presenting a flight risk Counsel has also been in contact with an individual named Lawrence Obinna, who appears to be a viable potential third party custodian.

7. One concern expressed by counsel for the Government is that the Defendant presents a flight risk because he holds both a U.S. and Nigerian passports. Upon research of this issue, there is nothing inappropriate or illegal about the Defendant having U.S. and Nigerian passports because he has dual citizenship.

8. Dual citizenship, otherwise known as dual nationality, is recognized both by the United States and Nigeria. *See* Exhibits A and B, attached to this motion. The Defendant is a naturalized U.S. Citizen, and is a Nigerian Citizen by descent.

9. According to the U.S. Department of State Services on Dual Nationality website, dual nationals must use a U.S. passport to enter and leave the United States. And dual nationals may also be required by the foreign country to use its passport to enter and leave the foreign country. *See* Exhibit A.

10. On May 4, 2011, counsel for the Defendant called the Nigerian embassy in Washington, D.C., and spoke with a Consular Officer. The Consular Officer reported that a Nigerian citizen by descent, which the Defendant is, may hold dual citizenship, and may hold both a Nigerian and a foreign passport.

11. This research, which had not been completed at the time of the initial detention hearing, shows that the mere fact of the Defendant holding both a U.S. and a Nigerian passport is not reflective of inappropriate or illegal conduct on his part. It is consistent with U.S. and Nigerian law. In any event, the Government is currently holding both passports, and the Defendant is willing to continue surrendering his passports while this case is pending.

12. In addition, counsel for the Government has expressed a concern about the Defendant using multiple Social Security Numbers and traveling frequently to Nigeria.

13. At the time of the initial detention hearing, counsel for the Defendant did not have any information to present on the Social Security Number issue. Since that time, counsel for the Defendant has discussed this matter with the Defendant, and he is prepared to testify or proffer to provide an explanation on this issue.

14. At the time of the initial detention hearing, counsel for the Defendant proffered information about Defendant's car sales business that causes him to travel to Nigeria several times per year. Since that hearing, counsel has had further discussions with the Defendant about his most recent travel to Nigeria. The Defendant is prepared to testify or proffer to provide an explanation for his

voluntary return to the U.S. from Nigeria in March, 2011, even after he learned from a friend in the U.S. that he might be under investigation.

15. Finally, counsel for the Defendant has been in contact with Lawrence Obinna, who is willing to serve as a third party custodian for the Defendant.

16. Mr. Obinna is very familiar with the Defendant. He is 54 years old, and was born the same year as the Defendant, and in the same village in Nigeria. Thus, he has known the Defendant for his whole life, and their birth year/village is very significant in terms of their commitment to each other under Nigerian custom. In addition, Mr. Obinna went to Seminary with the Defendant when they were younger, and lives close to the Defendant in the area of Elizabeth, New Jersey.

17. Mr. Obinna has been employed for the past six years by a contractor with the Department of Corrections in New Jersey working in a half-way house. He has been living at his current address in a rental apartment in Elizabeth, New Jersey for about 5 years.

18. If the Defendant is released, Mr. Obinna plans for the Defendant to live with him in his apartment. He has discussed this arrangement with the Defendant. That will enable Mr. Obinna to supervise the Defendant on a daily basis.

19. Mr. Obinna is willing to come to Harrisburg to testify. He has indicated that he is willing to supervise the Defendant and closely monitor his activities and report them to authorities, if necessary.

20. Counsel for the Defendant has provided additional information about Mr. Obinna to counsel for the Government so that the Government may investigate him prior

to the hearing on this matter.

21. In addition to the supervision of Mr. Obinna as third party custodian and the temporary surrender of both of his passports, the Defendant is willing to agree to an unsecured bond and electronic monitoring, in addition to any other conditions of release that the Court feels are necessary.

22. Since the March 18 detention hearing, the Defendant has been cooperating with the ongoing investigation by the Government. He plans to continue his cooperation if released.

23. The Defendant contends that the combination of the aforementioned conditions are sufficient to assure the Court that he will return to Court for all future appearances.

24. On April 29, 2011, counsel for the Defendant discussed this Motion with counsel for the Government, and AUSA Fawcett indicated that she opposes this Motion.

WHEREFORE, the Defendant, Alexander Ojiri, respectfully requests this Honorable Court schedule a hearing on this Motion at its earliest convenience, at such time the proposed third party custodian will be present to testify.

Respectfully submitted,

_____
Jennifer P. Wilson, Esquire
PA 209893
PHILPOTT WILSON LLP
227 N. High St., P.O. Box 116
Duncannon, PA 17020
717-834-3087 - Phone
717-834-5437 - Fax
jenniferphilpottwilson@gmail.com

Attorney for Defendant

May 4, 2011

# US State Department Services Dual Nationality

The concept of dual nationality means that a person is a citizen of two countries at the same time. Each country has its own citizenship laws based on its own policy.Persons may have dual nationality by automatic operation of different laws rather than by choice. For example, a child born in a foreign country to U.S. citizen parents may be both a U.S. citizen and a citizen of the country of birth.

A U.S. citizen may acquire foreign citizenship by marriage, or a person naturalized as a U.S. citizen may not lose the citizenship of the country of birth.U.S. law does not mention dual nationality or require a person to choose one citizenship or another. Also, a person who is automatically granted another citizenship does not risk losing U.S. citizenship. However, a person who acquires a foreign citizenship by applying for it may lose U.S. citizenship. In order to lose U.S. citizenship, the law requires that the person must apply for the foreign citizenship voluntarily, by free choice, and with the intention to give up U.S. citizenship.

Intent can be shown by the person's statements or conduct.The U.S. Government recognizes that dual nationality exists but does not encourage it as a matter of policy because of the problems it may cause. Claims of other countries on dual national U.S. citizens may conflict with U.S. law, and dual nationality may limit U.S. Government efforts to assist citizens abroad. The country where a dual national is located generally has a stronger claim to that person's allegiance.

However, dual nationals owe allegiance to both the United States and the foreign country. They are required to obey the laws of both countries. Either country has the right to enforce its laws, particularly if the person later travels there.Most U.S. citizens, including dual nationals, must use a U.S. passport to enter and leave the United States. Dual nationals may also be required by the foreign country to use its passport to enter and leave that country. Use of the foreign passport does not endanger U.S. citizenship.Most countries permit a person to renounce or otherwise lose citizenship.

Information on losing foreign citizenship can be obtained from the foreign country's embassy and consulates in the United States. Americans can renounce U.S. citizenship in the proper form at U.S. embassies and consulates abroad.

EXHIBIT A

http://www.travel.state.gov/travel/cis_pa_tw/cis/cis_1753.html     5/4/2011

# United States Office of Personnel Management
# Investigations Service



Citizenship Laws of the World

IS-1
March 2001

EXHIBIT B

## NIGERIA

**CITIZENSHIP:** Citizenship is based upon the Constitution of the Federal Republic of Nigeria, dated 1989. (UKC-Commonwealth Nation)

Those born before or on the date of independence, October 1, 1960, whose parents or grandparents were born in Nigeria and who were legally residing in Nigeria at the time, are considered citizens of Nigeria.

- **BY BIRTH:** Birth within the territory of Nigeria does not automatically confer citizenship.

- **BY DESCENT:** Child, at least one of whose parents is a citizen of Nigeria, regardless of the child's country of birth.

- **REGISTRATION:** The following persons are eligible to become citizens through registration:
  - A foreign woman who marries a citizen of Nigeria.
  - Person who is of adult age (17), born outside Nigeria, any of whose grandparents is or was a citizen of Nigeria.
  - A foreign child adopted by Nigerian parents.

- **BY NATURALIZATION:** Nigerian citizenship may be acquired upon fulfillment of the following conditions: Person is of full age (17), has resided in Nigeria for at least 15 years, is of good character, plans to remain in Nigeria, is familiar with Nigerian language and customs, has a viable means of support, and has renounced previous citizenship.

**DUAL CITIZENSHIP:** RECOGNIZED.
Exception: Dual citizenship is only recognized for Nigerian citizens by descent.

**LOSS OF CITIZENSHIP:**

- **VOLUNTARY:** Voluntary renunciation of Nigerian citizenship is permitted by law. Contact the Embassy for details and required paperwork.

- **INVOLUNTARY:** The following are grounds for involuntary loss of Nigerian citizenship:
  - Registered or Naturalized citizen voluntarily acquires the citizenship of a foreign country.
  - Naturalized citizen, before seven years of residence, sentenced to prison for three years or more.
  - Registered or Naturalized citizen is convicted of acts of disloyalty to the Republic of Nigeria.

**ANY QUESTIONS** concerning citizenship should be directed to the address below:

Embassy of the Federal Republic of Nigeria
Consular Section
2201 M St., NW
Washington, DC 20037

Embassy Telephone: 202-822-1500
Consular Telephone: 202-822-1539/40/41
Fax: 202-775-1385

## CERTIFICATE OF SERVICE

AND NOW, this 4th day of May, 2011, the undersigned certifies that she is a person of suitable age and discretion to be competent to serve papers. The undersigned further certifies that she served a copy of the foregoing document upon the following person by placing the document in the United States mail for regular delivery at the below address and by sending an additional copy of the foregoing document via electronic mail at the below address:

Christy Fawcett, Esq.
Assistant United States Attorney
U.S. Courthouse
228 Walnut Street, Suite 220
PO Box 11754
Harrisburg, PA 17108-1754

christy.fawcett@usdoj.gov

Respectfully submitted,

_____
Jennifer P. Wilson, Esquire
PA 209893
PHILPOTT WILSON LLP
227 N. High St., P.O. Box 116
Duncannon, PA 17020
717-834-3087 - Phone
717-834-5437 - Fax
jenniferphilpottwilson@gmail.com

Attorney for Defendant

May 4, 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE SEALED MATTER  :  CR. NO. 11-MJ-039
:
:  (Magistrate Judge Smyser)
:
:

**CERTIFICATE OF NON-CONCURRENCE**

In accordance with Local Rule 7.1, I hereby certify that on April 29, 2011, I asked AUSA Christy Fawcett if she concurs with the Defendant's Motion to Reconsider the Detention Order. AUSA Fawcett advised me that she does not concur with the relief requested.

Respectfully submitted,

_____
Jennifer P. Wilson, Esquire
PA 209893
PHILPOTT WILSON LLP
227 N. High St., P.O. Box 116
Duncannon, PA 17020
717-834-3087 - Phone
717-834-5437 - Fax
jenniferphilpottwilson@gmail.com

Attorney for Defendant

May 4, 2011

## CERTIFICATE OF SERVICE

AND NOW, this 4th day of May, 2011, the undersigned certifies that she is a person of suitable age and discretion to be competent to serve papers. The undersigned further certifies that she served a copy of the foregoing document upon the following persons on this date by placing the document in the United States mail for regular delivery at the below address and by sending an additional copy of the foregoing document via electronic mail at the below address:

Christy Fawcett, Esq.
Assistant United States Attorney
U.S. Courthouse
228 Walnut Street, Suite 220
PO Box 11754
Harrisburg, PA 17108-1754

christy.fawcett@usdoj.gov

Respectfully submitted,

_____
Jennifer P. Wilson, Esquire
PHILPOTT WILSON LLP
227 N. High St., P.O. Box 116
Duncannon, PA 17020
717-834-3087 - Phone
717-834-5437 - Fax
jenniferphilpottwilson@gmail.com

Attorney for Defendant

May 4, 2011