IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:11-CR-192 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| ALEXANDER OJIRI | : | |

**MEMORANDUM**

On June 13, 2011, defendant Alexander Ojiri ("Ojiri") entered a plea of guilty to a one-count information charging him with conspiracy to commit mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 371. (Doc. 40). Thereafter, in accordance with the court's order, the United States Probation Office prepared a Presentence Report ("PSR"). (Doc. 41). Sentencing in this matter is scheduled for April 25, 2012. (See Doc. 52). There are two outstanding objections to the PSR. This memorandum will address Ojiri's objection to the two-level enhancement pursuant to United States Sentencing Guideline § 2S1.1(b)(2)(B). The court will reserve ruling on the other objection until the time of sentencing.

**I.    Background**

Ojiri was involved in a mass marketing money laundering scheme in which he acted as a middleman between the fraudulent mass marketers and the complicit agents. Beginning in April 2004 and continuing through December 2009, Ojiri approached Western Union and MoneyGram agents and employees to process suspect money transfers. At Ojiri's direction, agents entered false names, addresses and identifying data for purported senders and converted fraud-induced money

transfers to cash for distribution by Ojiri.  The government has identified 224 victims for a total loss of $798,742.84.

Pursuant to a plea agreement, Ojiri pled guilty to criminal conspiracy to commit mail fraud, wire fraud, and money laundering in violation of 18 U.S.C. § 371.  The maximum term of imprisonment is five years.  Id.  In calculating Ojiri's advisory guideline range, pursuant to the Guideline Manual, the probation officer treated the conspiracy conviction as a separate count of conspiracy for each offense—mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343) and money laundering (18 U.S.C. § 1956).  See U.S.S.G. § 1B1.2(d).  The counts were grouped pursuant to U.S.S.G. § 3D1.2(c) and the offense with the highest offense level—money laundering—was used.  The money laundering guideline is § 2S1.1.

The probation officer calculated a base offense level of 26 under § 2S1.1 and Ojiri does not contest that calculation.  The probation officer went on, however, to assess a two-level enhancement under § 2S1.1(b)(2)(B).  The enhancement applies if the defendant was convicted under 18 U.S.C. § 1956.  See U.S.S.G. § 2S1.1(b)(2)(B).  Ojiri objects to this enhancement, asserting that he was not convicted under 18 U.S.C. § 1956.  Instead, he pled guilty to conspiracy to commit mail fraud, wire fraud and money laundering under 18 U.S.C. § 371.  The probation officer stands by the two-level enhancement and directs the court to Application Note 6 of U.S.S.G. § 1B1.3 as the basis of the applicability of the enhancement under § 2S1.1(b)(2)(B) to Ojiri's conspiracy conviction.  The government concurs with the probation officer's application of the enhancement.

## II.   **Discussion**

When it comes to interpreting the Sentencing Guidelines, the Third Circuit instructs that the Sentencing Guideline commentary or application notes are authoritative and are to be accorded "controlling weight" unless they violate the Constitution, a federal statute or are plainly erroneous or inconsistent with the regulation.  United States v. Lianidis, 599 F.3d 273, 278 (3d Cir. 2010) (quoting Stinson v. United States, 508 U.S. 36, 45 (1993).

On its face, § 2S1.1(b)(2)(B) requires a conviction under 18 U.S.C. § 1956 to apply the two-level enhancement.  However, Application Note 6 of § 1B1.3, one of the general application principles of the Sentencing Guidelines, indicates that the enhancement applies to defendants convicted of conspiracy to commit the identified statute, in this case money laundering.  See U.S.S.G. § 1B1.3 cmt. 6.

Section 1B1.3 is one of the general application principles governing relevant conduct, or, the factors that determine a defendant's guideline range.  See U.S.S.G. § 1B1.3. Application Note 6 to § 1B1.3 provides as follows:

> A particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.  For example, in § 2S1.1 (Laundering of Monetary Instruments; Engaging in Monetary Transactions in Property Derived from Unlawful Activity), subsection (b)(2)(B) applies if the defendant "was convicted under 18 U.S.C. § 1956".  Unless such an express direction is included, conviction under the statute is not required. . . .
>
> Unless otherwise specified, an express direction to apply a particular factor only if the defendant was convicted of a particular statute includes the determination of the offense level where the defendant was convicted of conspiracy, attempt, solicitation, aiding or abetting,

3

>accessory after the fact, or misprision of felony in respect to that particular statute.  For example, § 2S1.1(b)(2)(B) (which is applicable only if the defendant is convicted under 18 U.S.C. § 1956) would be applied in determining the offense level under § 2X3.1 (Accessory After the Fact) in a case in which the defendant was convicted of accessory after the fact to a violation of 18 U.S.C. § 1956 . . . .

U.S.S.G. § 1B1.3, cmt. n.6.

Admitting that the application note indicates the applicability of the enhancement under § 2S1.1(b)(2)(B) to the instant matter, Ojiri contends that Application Note 6 should not be accorded controlling weight because it conflicts with the plain language of § 2S1.1(b)(2)(B), which expressly requires a conviction for money laundering.  (Doc. 46, at 3).  Ojiri points out that there is no mention of conspiracy in the guideline provision nor in the application notes to § 2S1.1(b)(2)(B).  (Id.)  Ojiri further contends that in determining the specific offense characteristics, it is not appropriate to refer back to § 1B1.3, that is, the specific offense characteristics should be determined by reference to the guidelines in Chapter Two, without reference to Chapter One guidelines.  (Id. at 4-5).

The court rejects Ojiri's assertion that in determining the specific offense characteristics under the controlling Chapter Two Guideline, it is not appropriate to refer back to Chapter One, specifically in this instance § 1B1.3 application note 6.  Chapter One of the Sentencing Guidelines Manual is comprised of general application principles to be referenced in applying the Guidelines.  By its very terms Chapter One is meant to provide definitions, explanations, guidance and examples for the application of the remainder of the Guidelines manual.

4

Application Note 6 is specific commentary on how to apply a base offense level or specific offense characteristic. It is guidance for the probation officer on how to determine the base offense level and apply any appropriate specific offense characteristic contained in the particular Guideline in Chapter Two. See U.S.S.G. § 1B1.1(a)(2). It is not inappropriate for the probation officer or the court to refer to the general guiding principles in Chapter One concerning application of the Chapter Two guidelines. To the contrary, the Chapter One principles are intended to serve as reference and to provide explanation on the application of the other guidelines.

In the court's view, the issue is not whether referencing application note 6 to § 1B1.3 is appropriate, the issue is whether Note 6 creates a confusion which should favor the non-applicability of the enhancement under § 2S1.1(b)(2)(B), or rather a plain language interpretation.

In United States v. Kassim et al., Crim. No. 1:09-CR-356, the Honorable Sylvia H. Rambo recently addressed the exact issue before the court in the instant matter. Judge Rambo held that the two-level enhancement under § 2S1.1(b)(2)(B) did not apply to a defendant who pled guilty to conspiracy to commit money laundering pursuant to 18 U.S.C. § 371. Judge Rambo observed that the plain language of § 2S1.1(b)(2)(B) required a conviction under 18 U.S.C. § 1956. Turning to Application Note 6, Judge Rambo concluded that the first paragraph of Note 6 appeared somewhat contradictory to the second paragraph: whereas the first paragraph states that a conviction under the statute is required to apply the

enhancement, the second paragraph indicates that a conviction under the statute is not required to apply the enhancement if the defendant has been convicted of conspiracy to violate the statute.  Given what Judge Rambo considered to be a confusion that arises under Note 6, and recognizing that a conviction for conspiracy and a conviction for the underlying crime are distinct, Judge Rambo reasoned that the plain language of the guideline should control.  The plain language of § 2S1.1(b)(2)(B) requires a conviction under 18 U.S.C. § 1956.  The defendant's conviction for conspiracy under 18 U.S.C. § 371 does not satisfy the requirement and therefore Judge Rambo held that the two-level enhancement was inapplicable.[1]

With great respect, the undersigned is unable to concur with Judge Rambo.  The court finds that the application note is clear.  The enhancement is applicable to the instant matter.  The first paragraph of Note 6 sets the general rule: when express language in the guideline directs the application of a factor only if the defendant was convicted of a particular statute, the defendant must be convicted of that particular statute to apply the factor.  U.S.S.G. § 1B1.3, cmt. n.6.  The second paragraph of Note 6 specifies the parameters of the "conviction" to which it refers, stating that an express direction to apply a particular factor only if the defendant was convicted under a particular statute *"includes . . . where the defendant was convicted of conspiracy."*  Id. (emphasis added).  Most compelling to the court in

---

[1] On March 28, 2012, the government filed notices of appeal of Judge Rambo's judgments regarding defendants Kayode Kassim and Abel Ogunfunwa. See United States v. Kassim et al., Crim. No. 1:09-CR-356 (Docs. 111, 112).

finding that the enhancement under § 2S1.1(b)(2)(B) applies to the instant matter, is the example provided in Note 6.  The example involves the very provision at issue § 2S1.1(b)(2)(B).  Ojiri pled guilty to a one-count information for conspiracy to commit mail fraud, wire fraud and money laundering, and said information references the money laundering statute directly: 18 U.S.C. § 1956. (See Doc. 31, at 7-8).

As evidenced by the application note example, the Sentencing Commission clearly intended the enhancement to apply to cases such as the matter *sub judice* where the defendant has been convicted of conspiracy to commit money laundering.  The court accords the application note controlling weight and concludes that the two-level enhancement under § 2S1.1(b)(2)(B) is appropriate.  Ojiri's objection is overruled.

### III.   Conclusion

For the foregoing reasons, the objection to the application of the two-level enhancement under § 2S1.1(b)(2)(B) is overruled.  An appropriate order follows.


   S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:     April 5, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:11-CR-192** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **ALEXANDER OJIRI** | : | |

## **ORDER**

AND NOW, this 5th day of April, 2012, upon consideration of the objection to the PSR filed by counsel for defendant Alexander Ojiri, wherein counsel objects to the two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the objection is OVERRULED.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge